IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAIME COVARRUBIAS #0939535 | § | |
| v. | § | CIVIL ACTION NO. 6:23cv404 |
| ERICK BRANNAN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Jaime Covarrubias, a prisoner currently confined in the Texas Department of Criminal Justice - Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Captain Erick Brannan, Lt. Johnathon Gale, Sgt. Awosenya, Sgt. David Sieg, Lt. Crystal Roberts, Lt. Johnathan Hyatt, Captain Dereck Light, unknown officer Jane Doe in charge of the count room, Major Traci Shirey, Warden Richard Babcock, unit grievance investigator Alicia McElyea, and unit grievance investigator T. Vasillico.

**I. The Plaintiff's Complaint**

Plaintiff states that in January of 2021, he was confined at the Michael Unit of TDCJ-CID He complains that his safety was placed at risk by a forced cell move by multiple staff at the direction of Captain Brannan and Lieutenant Gales, in which "by threats he was placed in a cage after a conspiracy to improperly designate plaintiff." (Docket no. 1, p. 8). He states that he was stripped to his boxers and left in a 4 x 3 ½ foot cage during a cold night. Sgt. Awosenya saw him shivering and encouraged the staff to deny Plaintiff all restroom access. Plaintiff states that all of the Defendants except for McElyea and Vasillico saw him in the cage for days on end, and the count room repeatedly refused to relocate him.

Plaintiff says that he slept on a cold, filthy floor and had only limited toilet access and no hygiene, in full view of everyone. Ten days later, he was released to a cell. His Step Two grievance was lost or destroyed and Plaintiff asserts that his grievances were obstructed by deceit. He says that he lost weight, went without sleep, did not eat for days, suffered mental and emotional anguish, had painful bladder and bowel retention, and had a large knot on his forehead and knee. Plaintiff further states that the unit grievance investigators lost or destroyed his Step One and Step two grievances concerning Captain Brannan, and they manipulated the grievance process when Plaintiff tried to ask about these grievances.

Plaintiff attaches other grievances he filed, of which grievance no.'s 2022064505 and 2021155129 concerned the loss or delay of earlier grievances, no.'s 2021062726 and 2021068181 concerned aspects of the incident itself, and no. 2021078164 concerned Plaintiff's request that the surveillance video be retained.

For relief, Plaintiff asks that the use of holding cages be declared unconstitutional, that he receive compensatory damages for mental and physical pain, and that punitive damages be assessed. He also invoked state law claims under the Texas Tort Claims Act.

## II. Discussion

Court records show that the Plaintiff Jaime Covarrubias has filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Covarrubias v. Irving Police Department*, civil action no. 3:00cv1568 (N.D.Tex., dismissed as frivolous November 1, 2000); *Covarrubias v. Irving Mall Security*, civil action no. 3:00cv1521 (N.D.Tex., dismissed as frivolous November 30, 2000); *Covarrubias v. Wallace*, 612 F.App'x 701, 2015 U.S. App. LEXIS 7767, 2015 WL 2182899 (5th Cir., May 11, 2015) (dismissing appeal as frivolous).

Title 28 U.S.C. §1915(g) was added by Act of Congress on April 26, 1996 as part of the Prison Litigation Reform Act. The statute provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions,

> while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because Plaintiff has three strikes and thus falls under the Act, he cannot proceed under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). This imminent danger must relate to the allegations of the complaint. *Judd v. Federal Elections Commission*, 311 F.App'x 730, 2009 U.S. App. LEXIS 3464, 2009 WL 423966 (5th Cir., February 20, 2009).

In order to meet the imminent danger requirement of §1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). In that case, the Third Circuit rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger.

In this case, Plaintiff does not allege imminent danger related to the allegations of the complaint; on the contrary, the incidents related in the complaint occurred some three years ago at the Michael Unit, and Plaintiff is now at the Hughes Unit. Plaintiff's allegations thus concern past harm rather than imminent danger at the time he filed his lawsuit. As such, they are insufficient to invoke the imminent danger exception to §1915(g). *Floyd v. Lumpkin*, slip op. no. 22-40693, 2023 U.S. App. LEXIS 2994, 2023 WL 1793874 (5th Cir., February 7, 2023) (affirming district court's determination that an allegation of a past assault, after which the assailant was transferred to a different unit, was not sufficient to show imminent danger as of the time the complaint was filed);

*Stine v. Federal Bureau of Prisons Designation and Sentence Computation Unit*, 571 F.App'x 352, 2014 U.S. App. LEXIS 10977 (5th Cir., June 12, 2014) (rejecting claim of imminent danger because the prisoner "failed to plausibly plead any connection between the alleged imminent danger in Colorado and his claims against the BOP defendants in Texas").

In this case, Plaintiff's reference to an incident in 2021 at the Michael Unit does not show that he was in imminent danger relating to that incident at the Hughes Unit in July of 2023, when he signed his complaint. *See also McClure v. Livingston*, civil action no. 5:12cv56, 2012 U.S. Dist. LEXIS 169406, 2012 WL 5987408 (E.D. Tex., November 29, 2012) (incident occurring on Wynne Unit of TDCJ did not show imminent danger with regard to claims occurring at the Telford Unit months before the complaint was filed); *Quick v. Anderson*, civil action no. 3:06cv2096, 2006 U.S. Dist. LEXIS 89993, 2006 WL 3626968 (N.D. Tex., December 13, 2006) (plaintiff's claims arose in the Hunt County Jail but he was transferred to the Stiles Unit of TDCJ prior to filing the lawsuit; because he was no longer at the jail, he was not under imminent danger of serious physical injury with respect to the claims alleged in the complaint).

Because Plaintiff did not pay the filing fee or show imminent danger of serious physical injury, his lawsuit should be dismissed under 28 U.S.C. §1915(g). However, Plaintiff should be allowed a reasonable period of time to pay the filing fee and proceed with his lawsuit should he choose to do so. *See, e.g.*, *Grayer v. Couey*, 839 F.App'x 925, 2021 U.S. App. LEXIS 7769, 2021 WL 1035056 (5th Cir., March 17, 2021) (dismissing appeal as barred by §1915(g) and giving the appellant 15 days in which to pay the full appellate filing fee if he wished to reinstate the appeal).

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's motion for leave to proceed *in forma pauperis* be denied and that the above-styled civil rights lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit upon payment of the full $402.00 filing fee or proof

of imminent danger related to the allegations of the complaint. It is further recommended that should Plaintiff pay the full filing fee within 15 days after the date of entry of dismissal, he be allowed to proceed in this lawsuit as though the full fee had been paid from the outset.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 17th day of August, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE