**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| JAIME COVARRUBIAS, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 6:23-cv-404-JDK-KNM |
| ERICK L. BRANNAN, et al., | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jaime Covarrubias, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On August 17, 2023, Judge Mitchell issued a Report and Recommendation finding that Plaintiff had previously accumulated three strikes under 28 U.S.C. § 1915(g) and recommending that the Court dismiss this case with prejudice as to the refiling of another *in forma pauperis* lawsuit raising these claims, but without prejudice to refiling upon payment of the full $402.00 filing fee or proof of imminent danger. Docket No. 4. Plaintiff objected. Docket No. 6.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff explains that he does not recall lawsuits styled *Covarrubias v. Irving Police Department* and *Covarrubias v. Irving Mall Security*—two of Plaintiff's previous strikes. Docket No. 6 at 2–3. But the docket sheets in *Covarrubias v. Irving Police Department*, case number 3:00-cv-1568 (N.D. Tex.) and *Covarrubias v. Irving Mall Security*, case number 3:00-cv-1521 (N.D. Tex.) list Jaime Covarrubias, TDCJ No. 939535, as plaintiff. According to the complaint in this case, Plaintiff here has the same name and TDCJ ID number. Docket No. 1 at 1. While Plaintiff may well not recall these lawsuits, which concluded over 20 years ago, the court records indicate that he is the same person who filed them. Because both of these cases were dismissed as frivolous, the Magistrate Judge properly counted them as strikes.

Plaintiff objects to the third strike cited in the Report, *Covarrubias v. Wallace*, 612 F. App'x 701, 2015 U.S. App. LEXIS 7767, 2015 WL 2182899 (5th Cir. May 11, 2015), because the finding that the appeal was dismissed as frivolous is "debatable." Docket No. 6 at 6. He argues that he was never granted leave to proceed *in forma pauperis* on appeal in that case, and so he simply challenged that denial. Plaintiff argues that this is not the same thing as "taking an appeal" and that it was his

challenge to the denial of IFP status, not an appeal, which was dismissed; according to Plaintiff, this should not count as a strike. *Id.* at 6–11.

Not so. In *Kay v. Bennett*, 176 F. App'x 556 (5th Cir. 2006), plaintiff Lisa Kay sought leave to proceed *in forma pauperis* on appeal. In dismissing the appeal as frivolous based on that request, the Fifth Circuit explained: "The dismissal of this appeal as frivolous and the district court's dismissal of the complaint as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g)." *Id.*

In Covarrubias' appeal, as in Kay's, the Fifth Circuit said that "by moving to proceed IFP, Covarrubias is challenging the district court's certification that his appeal is not taken in good faith. Our inquiry into an appellant's good faith is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous). We may dismiss the appeal if it is frivolous." *Covarrubias*, 612 F. App'x at 702 (internal citations omitted). The Fifth Circuit concluded that "Covarrubias has failed to show that his appeal involves any arguably meritorious issue. Accordingly, his motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous." *Id.* (internal citations omitted).

As in *Kay*, the Fifth Circuit specifically stated that Plaintiff's motion for leave to proceed IFP on appeal was denied and the appeal was dismissed as frivolous because he did not show that his appeal involved any arguably meritorious issue. Plaintiff has offered no valid reason why his previous appeal should not count as a strike. *See also Riley v. Towery*, 176 F. App'x 557 (5th Cir. 2006) (denial of request to proceed IFP on appeal because the appeal involved no legal points arguable on their

merits amounted to the dismissal as frivolous of the appeal and thus counted as a strike); *Hall v. Cain*, 456 F. App'x 345 (5th Cir. 2011) (same); *Butler v. Cole*, 93 F. App'x 600 (5th Cir. 2004) (same). Thus, the Magistrate Judge correctly determined that Plaintiff has three strikes and is subject to the § 1915 (g) bar.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 4) as the opinion of the District Court. Plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **DENIED** and Plaintiff's claims in this case are **DISMISSED** with prejudice as to the filing of another *in forma pauperis* lawsuit raising the same claims, but without prejudice to the refiling of this lawsuit upon payment of the full $402.00 filing fee or proof of imminent danger related to the allegations of the complaint. Should Plaintiff pay the full $402.00 filing fee within fifteen days of final judgment, he will be allowed to proceed in this lawsuit as though the full fee had been paid from the outset.

So **ORDERED** and **SIGNED** this **26th** day of **September, 2023.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE