IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JAIME COVARRUBIAS, | § § | |
| Plaintiff, | § § | |
| v. | § | Case No. 6:23-cv-404-JDK-KNM |
| ERICK BRANNAN, et al., | § § § | |
| Defendants. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jaime Covarrubias, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division proceeding pro se, filed this lawsuit complaining of alleged deprivations of his constitutional rights. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. Judge Mitchell recommended dismissal in part. Docket No. 63. Plaintiff timely objected. Docket No. 67.

**I.    Standard of Review**

Where a party timely objects to the Report, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). To unobjected-to portions of the Magistrate Judge's Report, the Court reviews such portions for clear error or abuse of discretion and reviews his legal conclusions to

determine whether they are contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (finding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

## II. The Report of the Magistrate Judge

After reviewing the pleadings, Judge Mitchell issued a Report recommending that the motion to dismiss of the Defendants Sieg, Roberts, Hyatt, Vasillico, and Shirley be granted. Docket No. 63 at 18. Judge Mitchell determined that Plaintiff's allegations against these Defendants amounted to little more than "unadorned, the-defendant-harmed-me allegations," or legal conclusions devoid of further factual enhancement. Docket No. 63 at 12–16. Judge Mitchell observed that while pro se plaintiffs are held to a more lenient standard when analyzing a complaint, they must still plead factual allegations which raise the right to relief above the speculative level. Docket No. 63 at 7 (citing *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016)). These Defendants also argued that they have Eleventh Amendment immunity from monetary damages in their official capacities. *Id.* In order to overcome the qualified immunity defense, Judge Mitchell determined that Plaintiff must plead specific facts that both allow the court to draw the reasonable inference that each Defendant is liable for the harm alleged, and that defeat a qualified immunity defense with equal specificity. *Id.* at 9 (citing *Sanders v. Gibson*, slip op. no. 23-11196, 2025 WL 1029440, at *2 (5th Cir. 2025)).

Regarding the remaining Defendants, Captain Brannan, Lt. Gale, Sgt. Awosanya, the officer identified as "Fasanya," and the unknown count room officer, Judge Mitchell recommended that Plaintiff be given 90 days in which to provide addresses for these Defendants to facilitate service of process under Fed. R. Civ. P. 4(m). *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (responsibility

2

of effecting service of process rests, at the end of the day, with the plaintiff); *Systems Signs Supplies v. U.S. Department of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (litigant's pro se status does not excuse failure to effect proper service)).

### III. Discussion

Plaintiff made several objections to Judge Mitchell's Report. Docket No. 67. Because some of Plaintiff's objections present new factual allegations, the Court will review these new factual allegations as an amendment to his complaint. *Webster v. Davuluri*, slip op. no. 24-50640, 2025 WL 789544 (5th Cir. 2025) (citing *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996)).

To the extent Plaintiff identified claims against individuals in his objections, he has nonetheless failed to state a claim upon which relief may be granted. In his objection to Judge Mitchell's Report, he states that "the failure to exhaust administrative procedures caused by McElyea and Vasillico functions as a bar to adequately presenting claims in court, creates an additional legal hurdle in a summary judgment motion on failure to exhaust, and allows the court to dismiss a complaint sua sponte for that failure." Docket No. 67 at 2. But as Judge Mitchell determined, Plaintiff has not shown that he has suffered any actual harm to his legal position as a result of the alleged actions of the grievance officers. The Defendants have not raised failure to exhaust administrative remedies as a defense in this case. Plaintiff, thus, has failed to state a claim against McElyea and Vasillico and his objections are without merit. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Plaintiff's objections underscore the correctness of Judge Mitchell's conclusion that Plaintiff's complaint consists largely of global allegations lumping together most or all of the Defendants into one undifferentiated group. The Fifth Circuit has explained that courts must not construe allegations contained in a complaint against the defendants as a group as properly imputable to any particular individual defendant unless the connection between the individual defendant and the allegedly

3

unlawful conduct is specifically pled. *Southland Sec. Corp. v. INSpire Solutions, Inc.*, 365 F.3d 353, 365 (5th Cir. 2004). The Fifth Circuit has further noted that deliberate indifference cannot be shown through the actions of the cumulative group; instead, each named member of the group must be shown to have acted, independently, with deliberate indifference. *Martinez v. City of North Richland Hills*, 846 F.App'x 238, 243 (5th Cir. 2021). Bare assertions of collective responsibility unsupported by concrete factual allegations are insufficient. *Id.* (citing *Iqbal*, 556 U.S. at 678.

The Fifth Circuit has also explained that to plead a cognizable claim of deliberate indifference, the plaintiff must allege facts showing that the defendant was actually aware of facts from which an inference of substantial risk of serious harm could be drawn and that he actually drew this inference. *Martinez*, 846 F.App'x at 244. In his objection to the Report, Plaintiff states that at some unknown time, Major Shirey said "[W]here are you sleeping at? You're sleeping on the floor? You're not eating why?" Docket No. 67 at 3. Plaintiff does not, however, provide any additional factual details or context about this conversation. Judge Mitchell correctly stated that where a complaint pleads facts merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* at 7; *Iqbal*, 556 U.S. at 678. Plaintiff's claim concerning the statement by Major Shirey does not set out facts that show that the Defendant was actually aware of facts from which an inference of substantial risk of serious harm could be drawn and that he drew this inference and therefore does not cross the line between possibility and plausibility of relief.

Similarly, Plaintiff says that Warden Babcock "expressly stated to staff that plaintiff should remain in the cage (presumably until Babcock decided)." Docket No. 67 at 4. But he again provides no additional factual details or context concerning this statement. As described above, Plaintiff's bare allegation in this regard does not set out facts showing that the Defendant was aware of facts from which an inference of

4

substantial risk of serious harm could be drawn and that he drew this inference. Plaintiff has failed to state a claim upon which relief may be granted against Major Shirey or Warden Babcock.

Although Plaintiff complained that Captain Brannan said before the punishment began that Plaintiff was responsible for it and that Brannan lied by saying that the cage housing was for one hour(Docket No. 67 at 4), Judge Mitchell did not recommend dismissal of Brannan for failure to state a claim. Instead, Judge Mitchell observed that Brannan had not been served with process or appeared in the case and recommended that Plaintiff be given 90 days to effect service of process or provide an address where such service may be effected. Docket No. 63 at 18. Once Brannan has been served and has appeared, Plaintiff may set out such claims as he may have against the officer.

Likewise, Plaintiff stated that Sgt. Awosanya and Officer Fasanya denied him restroom access, but Judge Mitchell did not recommend dismissal of either of these officers for failure to state a claim. As with Brannan, Judge Mitchell recommended that Plaintiff be given 90 days to effect service of process upon Awosanya and Fasanya or provide an address at which service may be effected. Docket No. 63 at 18. Plaintiff may set out his claims against these Defendants once they have been served and have appeared in the case.

### IV. Conclusion

Although Plaintiff complains that he did not receive a copy of the Defendants' motion to dismiss, Judge Mitchell's Report set out the deficiencies in his complaint and provided him an opportunity to file an amended complaint or to object to the Report. Upon de novo review of those portions of Judge Mitchell's proposed findings and recommendations to which the Plaintiff objected, and a review of Plaintiff's objections

as an amended complaint, the Court has determined that Judge Mitchell's Report is correct, the Plaintiff's objections are without merit, and the factual allegations of the objections offer no basis to set aside Judge Mitchell's Report. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of Judge Mitchell (Docket No. 63) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the motion to dismiss of the Defendants Sieg, Roberts, Hyatt, Vasillico, and Shirey (Docket No. 61) is **GRANTED** and these Defendants are dismissed from the lawsuit without prejudice. It is further

**ORDERED** that the Defendants McElyea, Babcock, and Light are dismissed from the lawsuit without prejudice under 28 U.S.C. § 1915A. It is further

**ORDERED** that the Plaintiff shall have 90 days from the date of entry of this order in which to effect service of process or to provide information based upon which process may be served upon the Defendants Captain Brannan, Lt. Gale, Sgt. Awosanya, the officer identified as "Fasanya," and the unknown count room officer. Failure to comply with this order may result in the dismissal of any unserved Defendants for failure to effect service of process under Fed. R. Civ. P. 4(m).

**So ordered and signed on this**
**Oct 17, 2025**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE